HORTON GARDNER, CHARLES M. RELYEA and WILBERT A. DEAN, Appellants, v. TOWN OF CLAVERACK, Respondent.— Plaintiffs have appealed from a judgment dismissing their complaint in an action of ejectment. The action was referred to and tried before an official referee and judgment is based on his findings. The land in dispute consists of a triangular strip located in the hamlet of Claverack. The premises have been enclosed by posts and chains for more than seventy-five years and for all that time have been known as a park. Only questions of fact are involved. The evidence sustains the finding of the referee. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

JOHN ARMSTRONG, Respondent, v. BERO ENGINEERING CONSTRUCTION Co., Appellant. BLANCHE ARMSTRONG, Respondent, v. BERO ENGINEERING CONSTRUCTION Co., Appellant.— Appeal from an order denying defendant's motion to change the venue of the two above-entitled actions from Delaware county to Cortland county for the convenience of witnesses and to promote the ends of justice. The actions are to recover damages for injuries sustained by plaintiff Blanche Armstrong while riding in a motor vehicle on a public highway in Cortland county. The plaintiffs reside in Delaware county. The justice presiding at the Special Term in the exercise of sound discretion denied the motion for the change of the place of trial. There was no abuse of discretion and the order denying the motion should be affirmed, with ten dollars costs. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

HELEN KEIL, as Administratrix, etc., of WILLIAM C. O'BLEECKER, Deceased, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Appeal by the defendant from an order and judgment of the Albany County Court reversing a judgment of the City Court of Albany, in favor of defendant, and directing judgment in favor of the plaintiff for $771.55. The action was brought to recover the proceeds of three life insurance policies issued upon the life of decedent. These policies were of the industrial type, and had been in existence for many years, but none of them contained a so-called facility of payment clause. Upon the death of insured the defendant paid the proceeds of the policies to one Heinmiller, a cousin of decedent. It had notice then that decedent left surviving a half-sister, who later became the administrator of his estate. There was no beneficiary named in any of the policies and upon the death of the insured they became payable to his estate. Under the form of the policies payment to Heinmiller was unauthorized. Proof of death having been filed by Heinmiller, and accepted by defendant, it was not necessary for plaintiff to file additional proof. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.